DAVID L. MAPLE, II and HELGA T. MAPLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maple v. Commissioner
Docket No. 131-90
United States Tax Court
T.C. Memo 1990-567; 1990 Tax Ct. Memo LEXIS 639; 60 T.C.M. (CCH) 1158; T.C.M. (RIA) 90567; October 30, 1990, Filed *639 Respondent's motion to dismiss will be granted. Mathew E. Bates, for the petitioners. Edwina L. Charlemagne, for the respondent. GERBER, Judge
GERBER
MEMORANDUM OPINION Respondent, on September 10, 1985, mailed a notice of deficiency to petitioners concerning their 1982 and 1983 taxable years. On January 2, 1990, the petition was filed with this Court seeking our jurisdiction and urging us to decide that respondent failed to mail a timely notice of deficiency. Petitioners do not contend that the petition was timely, but instead argue that in the circumstances of this case we should find that the notice of deficiency is invalid. Petitioners alleged that they did not receive a notice of deficiency or administrative appeal rights regarding the 1982 and 1983 taxable years prior to the time the assessments were made by respondent. They also alleged that they had filed timely 1982 and 1983 Federal income tax returns. Petitioners had made a Freedom of Information Act (FOIA) request (5 U.S.C. sec. 552 (1988) et seq.) on October 10, 1989 (subsequent to the assessment), requesting copies of all documentation relied upon *640 by respondent in support of any deficiencies for 1982 and 1983. In a letter dated October 26, 1989, one of respondent's Disclosure Officers replied by sending copies of "TXMOD Transcripts" for 1982, 1983, and 1984, and also advised that "[he was] unable to find any other information [about the 1982 and 1983 taxable year] in this district on [petitioners]." The petition in this case was filed more than 4 years after the date of the notice of deficiency and respondent moved to dismiss on the grounds that the petition was untimely. Respondent's motion was filed March 15, 1990, and had attached to it a copy of the certification of mailing of a document to petitioner on September 10, 1985, and a copy of the September 10, 1985, notice of deficiency concerning petitioners' 1982 and 1983 taxable years. Petitioners' basic position is that we should refuse to consider the documents supplied by respondent in support of his motion to dismiss because of respondent's failure or refusal to supply those documents to petitioners under their FOIA request. Petitioners' representative stated to the Court that the prejudice to his clients due to respondent's failure or refusal to supply the *641 requested document was the added cost of filing a petition, including attorney's fees, which was incurred after respondent's agent had advised that no documentation existed. In support of their request for this relief, petitioners cite Capento Securities Corp. v. Commissioner, 47 B.T.A. 691 (1942), affd. 140 F.2d 382 (1st Cir. 1944). That case, in part, involved a situation where the taxpayer's counsel had served notice on Government counsel to produce certain envelopes in which the taxpayer's returns had been mailed. The envelopes were needed in connection with an issue of whether the taxpayer's return had been timely filed. At the trial respondent's counsel was unable to produce the envelopes and explained that "It might be that the Commissioner had no doubt about the situation and there was no necessity for keeping the records." 47 B.T.A. at 698. The trial court there treated the failure to produce without a satisfactory explanation as creating an inference that the evidence if produced would have been unfavorable to the party who failed to produce. However, here the documents were voluntarily produced by respondent in support of his *642 motion to dismiss. The failure to produce was in connection with the FOIA request, which is a separate and distinct matter, and is within the jurisdiction of the United States District Court and not within the jurisdiction of this Court. 5 U.S.C. sec. 552 (1988). It seems fundamental that we are without authority to provide remedies in matters over which we have no jurisdiction. In connection with this case respondent routinely produced the documents in connection with a motion to dismiss. Petitioners also argue, by way of analogy, that this Court has imposed sanctions for failure of parties to produce documents in requests for discovery. In support of this argument, petitioners cite Pfluger v. Commissioner, T.C. Memo. 1986-78, affd. 840 F.2d 1379 (7th Cir. 1988), and Leimel v. Commissioner, T.C. Memo. 1982-682. In those cases sanctions were employed against a party for failure to comply with requests of an adversary. Those requests were made and the sanctions employed under the Rules of Practice and Procedure of this Court and in connection with a proceeding over which this Court had jurisdiction. Had respondent *643 failed or refused to turn over documents in this case in connection with consideration of his motion, the concepts discussed in the above cases would have been helpful in determining whether sanctions were appropriate in this case. But, here again, the failure or problem arose in a FOIA matter (over which we have no jurisdiction) and the evidence respondent seeks to use was offered in a matter over which we have jurisdiction. Finally, petitioners argue that there is authority for the imposition of sanctions for failure to comply with FOIA requests in spite of note 13 in Environmental Protection Agency v. Mink, 410 U.S. 73 (1973). The Supreme Court in dicta contained in the above-referenced footnote indicated that the statute does not provide for sanctions for failure to comply with FOIA requests and that the only remedy would be to order the Government to provide the documents or information. Even if sanctions were held to be the proper remedy in regarding certain failures or refusals to comply with FOIA requests, we are without jurisdiction to provide relief related to FOIA requests. Moreover, we have long since declined to employ the FOIA standards with respect *644 to our own pre-trial discovery and procedures. Davis v. Commissioner, 65 T.C. 1014, 1024 (1976). To reflect the foregoing, Respondent's motion to dismiss will be granted .